IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Faren Gibbs, #222138, ) | C.A. No. 8:04-21846-CMC-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Henry McMaster, Attorney General of ) | |
| South Carolina, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on Petitioner's motion to dismiss this habeas corpus petition without prejudice, filed August 2, 2005. Respondent has not indicated opposition to this motion.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pre-trial proceedings and a Report and Recommendation. On August 25, 2005, the Magistrate Judge issued a Report recommending Petitioner's motion be granted. The Magistrate Judge advised Petitioner and Respondent of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Neither party has filed objections to the Report and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with

instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Magistrate Judge that this matter should be dismissed. It appears Petitioner has "properly filed" state post-conviction relief (PCR) matters still pending in the state courts, and therefore this petition is premature.

Petitioner is specifically advised of the one-year limitations period provided under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA).[1]

---

[1] Under the AEDPA, the limitation period for § 2254 petitions runs from the latest of:

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action;

(3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction

As of this date, if this court were to apply equitable tolling to the filing of Petitioner's next habeas petition,[2] it appears Petitioner has already consumed 276 of his 365 days.[3] If equitable tolling does not apply, Petitioner's one year AEDPA limitation period has already expired.

This petition is therefore dismissed **without prejudice**.[4]

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 4, 2005

---

or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

[2]Equitable tolling is more appropriately addressed if and when Petitioner chooses to return to this court on the merits of his § 2254 petition.

[3]Petitioner's conviction became final prior to the enactment of the AEDPA; therefore Petitioner had one year from the enactment date to file his § 2254 petition in this court, absent any period which tolled that period. Petitioner filed his first state PCR on October 29, 1996. This means Petitioner consumed 187 days between April 25, 1996 and October 29, 1996. Once Petitioner returned to South Carolina custody on November 11, 1999, he consumed another eighty-nine (89) days prior to filing the second PCR on February 8, 2000. Therefore, it appears Petitioner has consumed 276 days of his 365 days even if equitable tolling applies to the period between the dismissal of his first state PCR and his return to South Carolina custody.

[4]Respondent's motion for summary judgment is, of course, mooted by this dismissal.

3